UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 95-40739
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SUSAN ANN LINDSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:90-CR-71-2)
_____

March 21, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Susan Ann Lindsey, *pro se*, appeals the denial of her motion
for a reduction of sentence.  We **AFFIRM**.

I.

After pleading guilty to possession of a listed chemical with
intent to manufacture a controlled substance, and possession of a
firearm during a drug-trafficking crime, Lindsey was sentenced in
May 1991 to ten years imprisonment for possession, and a
consecutive five-year term for the firearm offense.  Her offense

_____

[*]     Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

level for the possession offense was calculated pursuant to U.S.S.G. § 2D1.1, based on the amount of methamphetamine that could have been manufactured with the precursor chemicals.

In 1995, Lindsey moved under 18 U.S.C. § 3582(c)(2) for a sentence reduction pursuant to § 2D1.11, which became effective in November 1991, and established a base offense level for possession of precursor chemicals. The district court denied the motion, accepting the magistrate judge's finding (objected to by Lindsey) that, because Lindsey's offense involved the attempt to manufacture methamphetamine, retroactive application of § 2D1.11 would not change the sentence, because § 2D1.11(c) provides that, if the offense involved, *inter alia*, attempting to manufacture a controlled substance, § 2D1.1 (the provision under which Lindsey was sentenced) is applicable.

## II.

A refusal to reduce a sentence under § 3582(c)(2) is reviewed only for abuse of discretion. *United States v. Shaw*, 30 F.3d 26, 28-29 (5th Cir. 1994). Based upon our review of the record, the finding that Lindsey's offense involved the attempt to manufacture methamphetamine was not clearly erroneous. *See United States v. Mimms*, 43 F.3d 217, 220 (5th Cir. 1995). Accordingly, because the sentence under § 2D1.11(c) would be the same as that imposed, the district court did not abuse its discretion by refusing to reduce it.

## III.

For the foregoing reasons, the denial of Lindsey's motion to reduce sentence is

**AFFIRMED.**